IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERNEST J. HUGHES, # R-40519, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00633-MJR |
| ) | |
| S. A. GODINEZ, LESLIE McCARTY, ) | |
| RANDY GROUNDS, D. FORD, ) | |
| J. BROOKHART, ) | |
| LaREESE P. OLINGER, ) | |
| ROY CALDWELL, C/O STICE, ) | |
| and UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Ernest Hughes, an inmate who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights arising from his assault by another inmate at Robinson Correctional Center ("Robinson") on June 25, 2012 (Doc. 1).  Plaintiff now sues nine defendants for failing to protect him from an unreasonable risk of assault and subjecting him to unconstitutional conditions of confinement, in violation of the Eighth Amendment.  He also sues Defendants for failing to respond to his grievances about the incident for nearly eighteen months, in violation of his Fourteenth Amendment right to due process of law.  Defendants include S. A. Godinez (Illinois Department of Corrections ("IDOC") director), Leslie McCarty (Administrative Review Board ("ARB") member), and seven Robinson officials--Warden Grounds, Major Ford, Lieutenant Brookhart, Adjustment Committee Chair Olinger, Co-Chair Caldwell, C/O Stice, and

an Unknown Party ("Major R"). Plaintiff seeks monetary damages (Doc. 1, p. 18). He also seeks to have his disciplinary record expunged.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d

816, 821 (7th Cir. 2009).   After carefully considering the allegations, the Court finds that Plaintiff's complaint survives preliminary review under § 1915A.

### The Complaint

According to the complaint, Plaintiff was physically assaulted by another inmate in the dayroom of Housing Unit 6-B at Robinson on June 25, 2012 (Doc. 1, pp. 6-16). A disciplinary report prepared by Lieutenant Brookhart indicates that Inmate Berry used the right footrest of his wheelchair to hit Plaintiff in the left side of the head (Doc. 1, p. 6).  Plaintiff lost consciousness and was transported to a hospital for treatment by Flight for Life (Doc. 1, p. 8). He sustained a skull fracture and blood clots (Doc. 1, p. 18).   Plaintiff was transferred to Centralia on July 11, 2012 (Doc. 1, p. 14).

He did not report the assault prior to his transfer because Robinson had no formal procedure in place for inmates to do so (Doc. 1, p. 9).  Plaintiff waited until after his transfer to Centralia to file a grievance on July 26, 2012 (Doc. 1, p. 8).  The ARB received the grievance on July 30, 2012, but failed to provide Plaintiff with a response until February 10, 2014.

Plaintiff now claims that the assault happened for the following reasons: (1) first, Robinson had no policy in place for reporting assaults and thereby condoned them (Doc. 1, p. 9); (2) second, prison staff did not monitor the dayroom on June 25, 2012, and staff[1] had an obligation to do so (Doc. 1, p. 7); and (3) third, overcrowding in the dayroom increased the risk of assault (Doc. 1, pp. 7, 12).

Plaintiff now sues all nine Defendants for failing to protect him from an unreasonable risk of assault, in violation of the Eighth Amendment (**Count 1**).  Plaintiff sues Defendants Godinez, Grounds, and Stice for allowing the dayroom to become overcrowded, leading to unconstitutional conditions of confinement under the Eighth Amendment (**Count 2**).

---

[1] The complaint refers to Defendant Stice in connection with this claim (Doc. 1, p. 12).

Finally, Plaintiff claims that Defendants violated his Fourteenth Amendment right to due process of law by ignoring his July 26, 2012, grievance for nearly eighteen months (**Count 3**).

## Discussion

After carefully considering the allegations in the complaint, the Court finds that the complaint articulates colorable Eighth Amendment claims (**Counts 1** and **2**) against Defendants Stice and Grounds, based on Plaintiff's allegations that the above-referenced prison policies (attributable to Defendant Grounds) unreasonably exposed Plaintiff to an actual inmate assault, Defendant Stice was not in the dayroom at the time of the attack and failed to intervene and stop it, and overcrowding unreasonably increased the risk that the attack would occur.

However, Counts 1 and 2 shall be dismissed against all remaining defendants, including Defendants Godinez, McCarty, Ford, Brookhart, Olinger, Caldwell, and the Unknown Party ("Major R"). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Relevant to Plaintiff's failure to protect claim (Count 1), prison officials have an obligation to protect prisoners from one another. *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). In order to state a failure to protect claim, Plaintiff must show that each Defendant was "deliberately indifferent" to a risk of serious harm to [P]laintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Put differently, Plaintiff must show that each

Defendant knew that there was a substantial risk that Plaintiff could be seriously harmed and failed to take reasonable steps to protect Plaintiff from that harm.

The allegations in the complaint simply do not suggest that any other defendants were on notice of a heightened risk of assault on Plaintiff or failed to intervene and stop the assault. According to the complaint, Defendants Godinez, McCarty, Ford, Brookhart, Olinger, Caldwell, and the Unknown Party ("Major R") became aware of the assault, if at all, after it occurred. Under the circumstances, no failure to protect claim has been stated against them. Accordingly, Count 1 shall be dismissed without prejudice against Defendants Godinez, McCarty, Ford, Brookhart, Olinger, Caldwell, and the Unknown Party ("Major R") for failure to state a claim upon which relief may be granted.

Relevant to the conditions of confinement claim (Count 2), the Eighth Amendment imposes a duty on prison officials to maintain "humane conditions of confinement," but prison conditions may be harsh and uncomfortable without being inhumane. *Farmer*, 511 U.S. at 833-34. To state a claim under the Eighth Amendment, plaintiffs must allege facts to suggest that (1) "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); and (2) those officials were deliberately indifferent to conditions posing a threat to inmate health or safety, *Farmer*, 511 U.S. at 847, meaning that each defendant "received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). It is not enough for plaintiffs "to show that the official acted negligently or that he or she should have known about the risk." *Id*. Further, in the context of this case, it has long been held that prison overcrowding is not a *per se* constitutional violation. *See Rhodes*, 452 U.S. at 348. Plaintiff must establish that

the prison was overcrowded and the overcrowding led to intolerable conditions, such as the deprivation of medical care, food, sanitation, or an increase in violence. *Id.; see also French v. Owens*, 777 F.2d 1250, 1253 (7th Cir. 1985).  Plaintiff has been allowed to proceed with this claim against Defendant Grounds (Robinson's warden) and Defendant Stice (the officer who was allegedly in charge of the dayroom on the date of the assault). The complaint states no separate claim against anyone else.  Accordingly, Count 2 shall be dismissed without prejudice against Defendants Godinez, McCarty, Ford, Brookhart, Olinger, Caldwell, and the Unknown Party ("Major R") for failure to state a claim upon which relief may be granted.

Finally, the complaint articulates no viable due process claim (**Count 3**) against Defendants.  As previously explained, a cause of action under § 1983 requires personal participation in a constitutional deprivation.  *See Pepper*, 430 F.3d at 810.  A defendant's role in responding to a grievance does not constitute "personal involvement" in the underlying constitutional deprivation.  *Id*.  Moreover, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  Further, a cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome.  *See Conyers v Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Accordingly, **Count 3** shall be dismissed against all Defendants with prejudice for failure to state a claim upon which relief may be granted.

At the risk of redundancy, the Court deems it necessary to make several additional remarks about the dismissed defendants. In the complaint, Plaintiff often refers to Defendant Godinez and the IDOC interchangeably. Plaintiff cannot maintain a suit against the IDOC, because it is a state government agency. Likewise, he cannot maintain his suit for money damages against the IDOC's director, Defendant Godinez. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). And although Plaintiff has raised several policy-based claims against Defendant Godinez, Plaintiff has been allowed to proceed on these same claims against Defendant Grounds. A plaintiff can have but one recovery. Therefore, the Court deems it appropriate to dismiss Defendant Godinez.

Plaintiff also named Defendants McCarty, Olinger, and Caldwell, based on their review of disciplinary reports or grievances related to the assault. Plaintiff appears to have confused this reviewing capacity with personal involvement in the underlying deprivation. The two are not the same. Personal participation in the underlying deprivation gives rise to liability under § 1983. Reviewing grievances or related written complaints does not. *See Pepper*, 430 F.3d at 810.

In summary, Plaintiff shall be allowed to proceed with **Counts 1** and **2** against Defendants Grounds and Stice. All other claims against all other defendants shall be dismissed.

**Pending Motions**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate **Judge Stephen C. Williams**.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4), which is **GRANTED, in part,** as to Defendants **GROUNDS** and **STICE,** and **DENIED, in part,** as to all remaining Defendants.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **GODINEZ, McCARTY, FORD, "MAJOR R," BROOKHART, OLINGER,** and **CALDWELL** are **DISMISSED without prejudice**.

**AS TO COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANTS GROUNDS** and **STICE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work

address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

9

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 7, 2014**

                                              **s/ MICHAEL J. REAGAN**
                                              **U.S. District Judge**